# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HAROLD HARTER, | 3:18-cv-00048-RCJ-WGC |
| Plaintiff, | **ORDER** |
| vs. | Re: ECF No. 44 |
| JOHN DIMURO, et al., | |
| Defendants. | |

Before the court is the Defendants' motion to set aside the default (ECF No. 44) which was entered by the Clerk against Defendant Mary Boni (ECF No. 43).

On July 25, 2019, Plaintiff moved for entry of a default against Defendant Boni. Plaintiff's motion attached a copy of the court's docket (ECF No. 36) which reflected the U.S. Marshal served Defendant Boni on June 24, 2019. Plaintiff's motion reflected that as of the date of his motion, Ms. Boni has failed to respond to the summons and complaint and therefore requested entry of default against the defendant. (ECF No. 42). The Clerk's Entry of Default as to Ms. Boni was filed on July 29, 2019. (ECF No. 43).

The next day, Defendants filed their motion to set aside the Clerk's default. (ECF No. 44). Defendants noted that on July 8, 2019, certain Defendants filed an answer to Plaintiff's complaint. (ECF No. 37). Defendants' counsel represented that "there was every intention that the Answer filed included Ms. Boni as a Defendant" and that her name wasa "inadvertently … left out of the caption." Counsel further states that "Counsel responded to the allegations against Ms. Boni in the Answer (ECF No. 37 at 2:1-2). Defendants request leave to file an amended answer to include Ms. Boni's name as a Defendant." (ECF No. 44 at 2).

A federal court may set aside a default for good cause; the court finds that counsel's inadvertence in failing to include Ms. Boni's name in the caption to be excusable. Defaults are disfavored by the courts, since defaults are inconsistent with the federal court's preference for resolving disputes on the merits. See, e.g., *Moreno v LG Elecs. USA, Inc.*, 800 F. 3d 692, 698 (5th Cir 2015); *Harvey v United States,* 685 F. 3d 939, 946 (10th Cir. 2012); *U.S. v Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F. 3d 1085, 1091 (9th Cir 2010).

The court sees no prejudice to the Plaintiff by setting aside this default, as the court's scheduling order was entered less than three weeks ago and it appears that the defendant may have a meritorious defense to Plaintiff's claims. *Fault v Allen*, 739 F. 2d 461, 463 (9th Cir 1984). There also appears to be no culpable conduct by Defendant Boni other than inadvertence of her counsel, an oversight which counsel promptly moved to correct. The absence of any culpable conduct by a Defendant is another reason why a default should be set aside. *Accu-Weather, Inc. v Reuters*, 779 F. Supp 801, 804 (M.D. PA 1991).

Motions for relief from default are to be liberally construed and within the discretion of the court. *Colleton Preparatory Academy, Inc. v Hoover Universal, Inc.*, 616 F. 3d 413, 417 (4th Cir 2010); *O'Connor v State of Nev.*, 27 F. 3d 357, 364 (9th Cir 1994).

Good cause appearing, it is hereby ordered that the Clerk's Default against Defendant Boni (ECF No. 43) be and hereby is set aside. Defendants may proceed to finalize and file the proposed Amended Answer accompanying Defendants' motion is ECF 44-1.

**IT IS SO ORDERED.**

DATED: August 1, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE